ORIGINAL

QUINN EMANUEL URQUHART & OLIVER, LLP
   Adrian M. Pruetz (Bar No. 118215)
   Michael T. Zeller (Bar No. 196417)
   Erin L. McPherson (Bar No. 178887)
865 South Figueroa Street, 10th Floor
Los Angeles, California  90017-2543
(213) 624-7707

Attorneys for Plaintiff
Mattel, Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

99-08543 RSWL (RZx)

| | |
|---|---|
| MATTEL, INC., a Delaware corporation,<br><br>                    Plaintiff,<br><br>         v.<br><br>WALKING MOUNTAIN PRODUCTIONS, a California business entity, TOM FORSYTHE, an individual, and DOES 1 through 10, inclusive,<br><br>                    Defendants. | CASE NO. _____<br><br>COMPLAINT FOR:<br><br>(1)  COPYRIGHT INFRINGEMENT;<br>(2)  TRADEMARK AND TRADE DRESS DILUTION;<br>(3)  STATUTORY AND COMMON LAW UNFAIR COMPETITION;<br>(4)  COMMON LAW MISAPPROPRIATION;<br>(5)  COMMON LAW DISPARAGEMENT; AND<br>(6)  COMMON LAW UNJUST ENRICHMENT<br><br>DEMAND FOR JURY TRIAL |

ENTERED ON ICMS

AUG 2 5 1999

CV

07121/264771.1

COMPLAINT

ORIGINAL



08/23/99                    11:00:02 AM
LA                          Receipt # 24172
I-1 LWU
CASE #      99-8543          NO REFUND WITHOUT RECEIPT

086900      Filing Fee--Civil          60.00
510000      Special Fund F/F            90.00
======= T O T A L =======              150.00

CHECK TENDERED $            150.00
                           $150.00
NO REFUND WITHOUT RECEIPT

Plaintiff, Mattel, Inc. ("Mattel") complains of defendants and alleges as follows:

## Jurisdiction and Venue

1.     This action arises under the copyright laws of the United States, Title 17, United States Code, under the trademark and trade dress anti-dilution laws of the United States, Title 15, United States Code, and under the statutory and common law of unfair competition, misappropriation, disparagement and unjust enrichment.  The jurisdiction of this Court is founded upon 15 U.S.C. §§ 1116, 1117, 1118, 1121 and 1125(c), 17 U.S.C. § 502 and 28 U.S.C. §§ 1331 and 1338, as well as principles of supplemental jurisdiction.

2.     Venue is proper in this Court pursuant to 28 U.S.C. §§ 1391(a) and (b). Defendants are subject to personal jurisdiction in the Central District of California; the infringing materials which are the subject of this litigation were distributed and offered for distribution in this district; and the claims alleged in this action arose in this district.

## Nature of the Action

3.     In this action, Mattel seeks injunctive relief and damages for, among other things, defendants' knowing and willful acts of copyright infringement and trademark and trade dress dilution, in violation of the laws of the United States and California.  Without Mattel's permission or consent, defendants have reproduced and created derivative works from copyright-protected dolls in Mattel's original BARBIE doll line by photographing Mattel's BARBIE dolls and have displayed the infringing photographs, all in violation of Mattel's exclusive copyright rights.  Defendants have marketed, promoted, sold and otherwise commercially exploited the infringing photographs of Mattel's copyright-protected BARBIE dolls to consumers, including (without limitation) in marketing channels such as the global network of computers known as the Internet.  Defendants' photographs also portray and reproduce Mattel's famous BARBIE trademarks and trade dress in an offensive, sexually suggestive and disparaging manner.  As a

07121/264771.1

1    result, through their willful and intentional reproduction, display, marketing, selling and

2    distributing of unauthorized and disparaging photographs of dolls in the Mattel BARBIE doll

3    line, defendants are unlawfully infringing Mattel's valuable intellectual property rights.

4

5                                                    Parties

6

7            4.      Plaintiff Mattel, Inc. is a corporation organized and existing under the laws

8    of the State of Delaware and has its principal place of business in El Segundo, California.

9            5.      Mattel is informed and believes, and on that basis alleges, that defendant

10   Walking Mountain Productions is a California business entity, with its registered business

11   address in Los Angeles, California.

12           6.      Mattel is informed and believes, and on that basis alleges, that defendant

13   Tom Forsythe is, and at all times relevant was, a citizen of Utah residing in Kanab, Utah.

14           7.      The fictitiously named defendants are unlicensed manufacturers,

15   promoters, distributors, retailers and others who reproduce, display, offer for sale, and sell

16   defendants' disparaging photographs of dolls in the BARBIE doll line containing Mattel's

17   valuable copyrighted works of art, trademarks and trade dress to other unknown parties.  The

18   identities of the various Doe defendants are not currently known, and this complaint will be

19   further amended to include the names of such individuals or entities, when the same is known.

20           8.      Mattel is informed and believes, and on that basis alleges, that at all

21   relevant times mentioned in this complaint, defendants, and each of them, were acting in concert

22   and active participation with each other in committing the wrongful acts alleged herein, and were

23   the agents of each other and were acting within the scope and authority of that agency and with

24   the knowledge, consent and approval of each other.

25

26

27

28

07121/264771.1                                       -3-

                                                                                        COMPLAINT

Facts Common To All Claims For Relief

9.      Mattel is a manufacturer of consumer products and is the most successful independent manufacturer and marketer of toys, games, dolls, stuffed toys and animals in the world. Some of Mattel's most successful product lines include "BARBIE," "FISHER-PRICE," "HOT WHEELS," "SEE 'N SAY" and a Disney licensed line of toys.

10.     Mattel was founded in 1945 by Elliot and Ruth Handler and Harold "Matt" Mattson. The name of the company was created by incorporating the names of two of its founders, "MATT-son and EL-liot. Originating from the Handlers' garage, the company greatly expanded its operation following World War II and soon began to thrive as its reputation for producing high-quality toys spread. During the next several decades, Mattel became world-famous for producing high-quality toys at reasonable prices.

11.     The "BARBIE" doll was created in 1959 by Mattel co-founder Ruth Handler and was named after Elliot and Ruth's daughter, Barbara. The idea for the doll came about after Ruth Handler noticed that her daughter preferred to play with paper cut-outs of adult female fashion dolls, rather than the then-popular baby dolls.

12.     For the past 40 years, Mattel has sold the BARBIE doll and other family and friend dolls in its BARBIE line of dolls in interstate commerce. New BARBIE products are introduced by Mattel every year.

13.     Today, BARBIE dolls are among the most popular toys in existence. Sales of BARBIE dolls worldwide currently exceed one billion dollars annually. Mattel is also the world's largest manufacturer of doll clothing, producing more than 20 million BARBIE outfits per year. Every second, two BARBIE dolls are sold somewhere in the world and a typical American girl, aged 3-11, owns an average of nine BARBIE dolls. More than one billion BARBIE dolls have been sold worldwide since 1959.

14.     Mattel also markets and sells an extensive line of collectible BARBIE dolls which are highly sought after by doll collectors. Collectible BARBIE dolls, which are offered by Mattel in a varying array of styles and fashions, are of such high quality and design

1  that they are prized by adult collectors, some of whom never remove the dolls from their

2  packaging.

3        15.    Mattel has caused the copyrights for certain sculptured works of art in the

4  BARBIE line dolls (hereinafter referred to as "the BARBIE Copyrighted Works") to be

5  registered with the United States Copyright Office, in compliance with the Copyright Revision

6  Act of 1976 (17 U.S.C. § 101 et seq.) and the Copyright Office Regulations. The registrations

7  for the BARBIE Copyrighted Works are valid and subsisting and include, for example:

| Copyrighted Work of Art | Copyright Registration Number |
|---|---|
| SuperStar BARBIE | GP 121682 |

11  A true and correct copy of this Registration is attached to this complaint as Exhibit 1, and is

12  incorporated by this reference.

13        16.    In addition, to assist in distinguishing its BARBIE line of dolls, Mattel has

14  developed and long produced the BARBIE doll in an appearance that is distinctive and non-

15  functional (the "BARBIE Product Trade Dress"). Elements of the BARBIE Product Trade Dress

16  include, for example, a distinctive set of facial features and a unique hour-glass shaped doll body

17  that is 11½ inches tall, which separately and together alert the consuming public to the source of

18  the BARBIE doll as Mattel.

19        17.    Because of its uncommon visual image, the BARBIE Product Trade Dress

20  is inherently distinctive. Further, as a consequence of Mattel's advertising, marketing and

21  promotional efforts, and the high quality maintained for all BARBIE products sold by Mattel,

22  over the years, Mattel's BARBIE Product Trade Dress has acquired considerable value and has

23  become well-known to the consuming public and trade throughout the world as being associated

24  with Mattel and favorably received by the general public. The general public recognizes the

25  BARBIE Product Trade Dress as distinguishing Mattel's products from the goods of others.

26  Further, the BARBIE Product Trade Dress has become synonymous not only with Mattel's

27  BARBIE products, but with high quality goods as well.

28

07121/264771.1

-5-

1    18.    In addition, Mattel has caused certain trademarks to be registered in the

2  United States Patent and Trademark Office on the Principal Register in connection with its

3  BARBIE line of dolls.  These registered trademarks (hereinafter referred to collectively as "the

4  BARBIE line Trademarks") are valid and subsisting and include, for example:

| Registered Trademark | Registration Number | Type of Goods |
|---|---|---|
| BARBIE | 689,055 | dolls |
| BARBIE | 768,397 | doll clothes and doll accessories |

True and correct copies of these Registrations are attached to this Complaint as Exhibits 2 and 3,

respectively, and are incorporated by this reference.

11    19.    Continuously and without interruption since at least as early as 1959,

Mattel has expended a great deal of time, effort and money in the promotion of the BARBIE line

Trademarks and the BARBIE Product Trade Dress in connection with the BARBIE Products.

Through extensive advertising, both nationally and worldwide, the BARBIE line Trademarks and

the BARBIE Product Trade Dress have become famous throughout the United States in

connection with Mattel's BARBIE line of products.  Over the years, the BARBIE trademark has

also become a well-known trade name of Mattel.

18    20.    Because of Mattel's extensive promotional activities involving the

BARBIE line Trademarks and the BARBIE Product Trade Dress, and as a consequence of

Mattel's fair and honorable dealings with its customers, the relevant consuming public has come

to recognize products bearing the BARBIE line Trademarks and the BARBIE Product Trade

Dress as being connected with or offered by Mattel and its official licensees.

### Defendants' Unlawful Conduct

26    21.    Defendants have infringed and are continuing to infringe the BARBIE

Copyrighted Works by engaging in the business of reproducing, displaying and creating

derivative works from original BARBIE dolls by photographing them, including in a reworked or

1   or modified state, for the purpose of selling and distributing the resulting photographs through

2   marketing channels that include, but are not limited to, the Internet.  Defendants have been, and

3   are currently, commercially exploiting such infringing photographs of BARBIE line dolls by

4   displaying, promoting, marketing, offering for sale and selling such photographs.  Examples of

5   defendants' infringing works are attached hereto as Exhibits 4 through 6, and incorporated by this

6   reference.

7            22.    In addition, defendants' photographs reproduce and depict Mattel's

8   BARBIE line of dolls in a offensive, disparaging and/or sexually suggestive manner such that

9   defendants' photographs dilute and tarnish Mattel's valuable BARBIE Trademarks and BARBIE

10  Trade Dress.

11           23.    None of the defendants to this action is licensed or authorized by Mattel to

12  reproduce, display or create derivative works from Mattel's BARBIE line dolls, whether in

13  altered or unaltered  form.  Nor are defendants licensed or authorized to otherwise utilize the

14  BARBIE Copyrighted Works, BARBIE line Trademarks or BARBIE Product Trade Dress in

15  connection with the display, sale and distribution of photographs of BARBIE line dolls, whether

16  in altered or unaltered form.

17

18                                    The Internet

19

20           24.    The Internet is a worldwide network of computers through which

21  businesses and individuals disseminate information and promote their products and services to

22  consumers and other businesses.  Tens of thousands of computers located in almost every

23  country around the world have been linked to the Internet.

24           25.    An increasingly important part of the Internet is the "World Wide Web,"

25  comprising a system for navigating the Internet by using a computer's mouse pointer to select

26  special words or pictures called "hotlinks."  The advantage of the World Wide Web, from the

27  end-user's point of view, is the ability to "jump" from one computer to another during one

28  telephone connection to a local Internet access provider.  Each "jump" connects the user to a

07121/264771.1

-7-

1   different computer somewhere else in the world.  Additionally, end-users can search for and

2   retrieve particular information from the entire Internet network with one command.  This simple,

3   easy-to-use method of navigating the Internet, commonly referred to as "surfing the net," has

4   recently drawn millions of new non-technical end-users to the Internet.  Consequently, millions

5   of businesses and individuals are now disseminating information and marketing and promoting

6   their products and services on the World Wide Web.

7          26.    Mattel has a significant presence on the Internet and expends considerable

8   resources to promote its Internet activities.  Mattel maintains numerous Internet web sites,

9   including web sites at the Internet addresses "www.mattel.com," "www.mattelstore.com,"

10   "www.service.mattel.com," "www.mattelmedia.com," and "www.barbie.com."  Mattel's web

11   sites are frequently visited by Internet users.  For example, the official BARBIE web site (located

12   at "www.barbie.com") is among the most popular destinations for Internet users.

13          27.    Defendants are displaying, promoting, offering for sale, and selling their

14   unauthorized photographs at a web site with the Internet address "www.artgods.com/forsythe."

15   True and correct excerpts from defendants' web site, including pages displaying their infringing

16   photographs, are attached hereto as Exhibit 7, and incorporated by this reference.  Thus,

17   defendants' acts on the Internet are not only infringing Mattel's valuable intellectual property.  In

18   addition, due to the pervasive nature of searching (or "surfing") on the World Wide Web,

19   defendants are able to reach a global audience and further exacerbate the damaging effects of

20   their intent to trade on the enormous goodwill that Mattel has earned in the creation and

21   protection of the BARBIE line of products.

22          28.    Defendants have damaged the reputation, business and goodwill of Mattel,

23   internationally, nationally, and in this judicial district, and unless enjoined, Mattel is informed

24   and believes that defendants will continue such conduct to the immediate and impending

25   irreparable injury of Mattel.

26

27

28

## FIRST CAUSE OF ACTION

(Copyright Infringement--17 U.S.C. § 101 et seq.)

29.     Mattel repeats and realleges each and every allegation of paragraphs 1 through 28, above, as though fully set forth at length.

30.     Defendants are reproducing, displaying, selling and offering for sale in interstate commerce unauthorized photographs of Mattel's copyrighted BARBIE line dolls. Such unauthorized photographs and copies constitute an unlawful reproduction of Mattel's copyrighted works. In addition, defendants have created, and defendants' photographs depict, altered or reworked copyrighted BARBIE line dolls. Such acts constitute an unauthorized creation of derivative works from Mattel's original copyrighted works. Further, through their scheme of marketing on the Internet, defendants reach a worldwide consumer base for the mass marketing and distribution of their infringing works; the copy, display and distribution of said unauthorized photographs on the Internet constitutes another unlawful reproduction of Mattel's copyrighted works.

31.     Defendants' acts violate the exclusive right of the copyright holder to reproduce, display and distribute its copyrighted works and to create derivative works from its copyrighted works, as articulated in 17 U.S.C. § 106. Defendants' use of Mattel's BARBIE Copyrighted Works is and has been made without Mattel's consent and for commercial purposes. Accordingly, defendants have infringed Mattel's BARBIE Copyrighted Works.

32.     Defendants' actions described above have caused and will continue to cause irreparable damage to Mattel, for which Mattel has no remedy at law. Unless defendants are restrained by this Court from continuing their reproduction and creation of unauthorized derivative works of Mattel's BARBIE Copyrighted Works, and their display and distribution of the same, in violation of 17 U.S.C. § 106, these injuries will continue to occur in the future.

### SECOND CAUSE OF ACTION

(Dilution--15 U.S.C.§ 1125(c); Cal. Bus. &

Prof. Code § 14330; and the Common Law)

33.    Mattel repeats and realleges each and every allegation of paragraphs 1 through 32, above, as though fully set forth at length.

34.    Mattel has used its BARBIE line Trademarks and BARBIE Product Trade Dress for many decades to identify its BARBIE line of products.  Accordingly, Mattel's BARBIE line Trademarks and BARBIE Product Trade Dress have also become valid symbols and trade names of Mattel and are famous marks.

35.    Defendants' use of Mattel's BARBIE line Trademarks and BARBIE Product Trade Dress to identify themselves and their products has diluted, and will continue to dilute, the distinctive quality of Mattel's marks and trade dress and has tarnished the BARBIE line Trademarks and BARBIE Product Trade Dress through their disparaging use, all in violation of Section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c), and Section 14330 of the California Business & Professions Code.

36.    Defendants' acts have damaged and will continue to damage Mattel irreparably.  Mattel has no adequate remedy at law for such wrongs and injuries.  The damage to Mattel includes harm to its goodwill and reputation that money cannot compensate.  Mattel is, therefore, entitled to a preliminary and permanent injunction enjoining defendants' dilution of Mattel's BARBIE line Trademarks and BARBIE Product Trade Dress, including (without limitation) in connection with the promotion, advertisement and sale of defendants' photographs.

### THIRD CAUSE OF ACTION

(Statutory and Common Law Unfair Competition)

37.    Mattel incorporates herein by reference each and every allegation contained in paragraphs 1 through 36, above, as though set forth at length.

38.    By reason of the foregoing, defendants have been, and are, engaged in "unlawful, unfair or fraudulent business practices" in violation of §§ 17200 et seq. of the California Business and Professional Code and acts of unfair competition in violation of common law.

39.    Defendants' acts complained of herein have damaged and will continue to damage Mattel irreparably.  Mattel has no adequate remedy at law for these wrongs and injuries.  The damage to Mattel includes harm to its goodwill and reputation in the marketplace that money cannot compensate.  Mattel is therefore entitled to (i) a preliminary and permanent injunction restraining and enjoining defendants and their agents, servants, and employees, and all persons acting thereunder, in concert with, or on their behalf, from using the BARBIE line Trademarks or BARBIE Product Trade Dress, or any colorable imitation or variation thereof, in connection with the creation, reproduction, display or sale of photographs of Mattel's BARBIE line dolls, whether in altered or unaltered form; (ii) an accounting of defendants' profits; and (iii) the award of defendants' unjust profits and Mattel's lost profits.

## FOURTH CAUSE OF ACTION

### (Common Law Misappropriation)

40.    Mattel incorporates herein by reference each and every allegation contained in paragraphs 1 through 39, above, as though set forth at length.

41.    Mattel has made a substantial investment of time, effort, and money over many years in creating goodwill associated with, and public recognition of, the BARBIE line Trademarks and BARBIE Product Trade Dress.

42.    By utilizing the BARBIE line Trademarks and BARBIE Product Trade Dress, defendants have appropriated Mattel's goodwill and reputation without any payment, consideration, or consent and are unjustly reaping the benefit of Mattel's well known marks and distinctive trade dress.

43.    Defendants' conduct has caused great and irreparable damage to Mattel, and defendants' continued misappropriation will cause Mattel further damage unless defendants are restrained and enjoined from any further use or imitation of the BARBIE line Trademarks and BARBIE Product Trade Dress.

44.    Mattel is therefore entitled to a (i) preliminary and permanent injunction restraining and enjoining defendants and their agents, servants, and employees and all persons acting thereunder, in concert with, or on their behalf, from using the BARBIE line Trademarks and BARBIE Product Trade Dress, or any colorable imitation or variation thereof, in connection with the creation, reproduction, display or sale of photographs of Mattel's BARBIE line dolls, whether in altered or unaltered form; (ii) an accounting of defendants' profits for all goods sold through the use of the BARBIE line Trademarks and BARBIE Product Trade Dress; and (iii) the imposition of a constructive trust in favor of Mattel on all profits obtained from defendants' misappropriation of Mattel's BARBIE line Trademarks and BARBIE Product Trade Dress.

## FIFTH CAUSE OF ACTION

(Common Law Disparagement)

45.    Mattel incorporates herein by reference each and every allegation contained in paragraphs 1 through 44, above, as though set forth at length.

46.    Defendants' creation, display, promotion, offering for sale and sale of authorized photographs depicting BARBIE line dolls and utilizing the famous BARBIE line Trademarks disparages Mattel's BARBIE line Trademarks and BARBIE Product Trade Dress.

47.    The use of the BARBIE line Trademarks and BARBIE Product Trade Dress by defendants has caused and is continuing to cause irreparable injury to the reputation and goodwill which Mattel has established over the years for its BARBIE line dolls and accessories, and unless defendants' use of them is restrained, defendants will continue to use the BARBIE line Trademarks and BARBIE Product Trade Dress to the detriment of Mattel, its goodwill and its reputation.

48.     Mattel is, therefore, entitled to (i) a preliminary injunction and permanent injunction restraining and enjoining defendants and their agents, servants, and employees and all persons acting thereunder, in connection with, or on their behalf, from using the BARBIE line Trademarks and BARBIE Product Trade Dress, or any colorable imitation or variation thereof, in connection with the creation, reproduction, display or sale of photographs of Mattel's BARBIE line dolls, whether in altered or unaltered form; and (ii) an accounting of all profits from all goods sold by defendants through their use of the BARBIE line Trademarks and BARBIE Product Trade Dress.

## SIXTH CAUSE OF ACTION

(Common Law Unjust Enrichment)

49.     Mattel incorporates herein by reference each and every allegation contained in paragraphs 1 through 48, above, as though set forth at length.

50.     Defendants have used the BARBIE line Trademarks and BARBIE Product Trade Dress and goodwill and other property rights belonging to Mattel for the purpose of enhancing the commercial value of their goods.

51.     As a direct and proximate result of defendants' unlawful and improper use of the BARBIE line Trademarks and BARBIE Product Trade Dress, and the enormous goodwill associated therewith, defendants have been unjustly enriched, and Mattel has suffered, and will continue to suffer, loss of profits by virtue of defendants' conduct.  The exact amount of unjust profits realized by defendants and profits lost by Mattel are presently unknown to Mattel and cannot be readily ascertained without an accounting.

52.     Defendants' unlawful use of Mattel's BARBIE line Trademarks and BARBIE Product Trade Dress, as well as the goodwill and other property rights belonging to Mattel, is causing and will continue to cause irreparable injury to Mattel's name, business reputation and goodwill unless defendants are preliminarily and permanently restrained and enjoined from such infringement.  Mattel is, therefore, entitled to (i) a preliminary and permanent

07121/264771.1

COMPLAINT

1  injunction restraining and enjoining defendants and their agents, servants, and employees, and all

2  persons acting thereunder, in concert with, or on their behalf, from using the BARBIE line

3  Trademarks and BARBIE Product Trade Dress, or any colorable imitation or variation thereof, in

4  connection with the creation, reproduction, display or sale of photographs of Mattel's BARBIE

5  line dolls, whether in altered or unaltered form; and (ii)  an accounting of all profits from all

6  goods sold by defendants through their use of the BARBIE line Trademarks and BARBIE

7  Product Trade Dress.

8

9                              PRAYER FOR RELIEF

10

11          Wherefore, Mattel hereby requests that this Court:

12          A.     Enter preliminary and permanent injunctions requiring defendants, and all

13  those acting in concert or participation with them, from infringing or encouraging, aiding or

14  abetting others to infringe Mattel's copyrighted works of art;

15          B.     Enter preliminary and permanent injunctions requiring defendants, and all

16  persons in active concert or participation with them, to immediately cease their unauthorized use

17  and dilution of Mattel's marks, or any variations thereof, including, without limitation, in

18  connection with the display, sale and distribution of defendants' products;

19          C.     Enter preliminary and permanent injunctions requiring defendants, and all

20  persons in active concert or participation with them, to immediately cease their unauthorized use

21  and dilution of Mattel's product trade dress, or any variations thereof, including, without

22  limitation, in connection with the display, sale and distribution of defendants' products;

23          D.     Enter preliminary and permanent injunctions requiring defendants, and all

24  persons in active concert or participation with them, to immediately cease from causing any and

25  all tarnishment of the Mattel's marks, and/or product trade dress or injury to Mattel's business

26  reputation;

27          E.     Enter preliminary and permanent injunctions requiring defendants, and all

28  persons in active concert or participation with them, to immediately cease their unfair

1 │ competition as well as their misappropriation of Mattel's intellectual property, including Mattel's'

2 │ marks and trade dress and any variations thereof;

3 │          F.     Award Mattel damages, costs, attorneys' and investigators' fees, and an

4 │ accounting of defendants' profits attributable to defendants' unauthorized use of Mattel's

5 │ copyrighted works, trademarks and product trade dress pursuant to 17 U.S.C. §§ 503-505, 15

6 │ U.S.C. §§ 1117(a) and other applicable law;

7 │          G.     Award Mattel treble damages, pursuant to 15 U.S.C. § 1117(b), as a result

8 │ of defendants' wanton, deliberate, malicious and willful misconduct;

9 │          H.     Enter an order, pursuant to 15 U.S.C. § 1118, directing the defendants to

10 │ deliver for destruction all photographs, and other products in their possession or under their

11 │ control, bearing any unauthorized copy of Mattel's copyrighted works, trademarks and trade

12 │ dress or any simulation, reproduction, counterfeit, copy, likeness, or colorable imitation thereof,

13 │ and all negatives, prints, copies, proofs, or other means of making the same; and

14 │          I.     Award such other and further relief as this Court deems just and proper.

15 │

16 │ DATED: August 20, 1999

17 │                              QUINN EMANUEL URQUHART OLIVER &
                                  HEDGES, LLP
18 │

19 │

20 │                              By _____
                                     Michael T. Zeller
21 │                                  Attorneys for Plaintiff
                                      Mattel, Inc.
22 │

23 │

24 │

25 │

26 │

27 │

28 │

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## JURY DEMAND

Mattel respectfully requests a jury trial on all issues triable thereby.

DATED:  August 20, 1999

QUINN EMANUEL URQUHART OLIVER &
HEDGES, LLP

By _Michael T. Zeller_____
Michael T. Zeller
Attorneys for Plaintiff
Mattel, Inc.

*LIBRARY OF CONGRESS*

## Copyright Office of the United States

*WASHINGTON, D.C.*

# ADDITIONAL CERTIFICATE OF REGISTRATION OF A CLAIM TO COPYRIGHT



THIS IS TO CERTIFY THAT THE STATE-
MENTS SET FORTH IN THE ATTACHED
HAVE BEEN MADE A PART OF THE
RECORDS OF THE COPYRIGHT OFFICE
WITH CLAIM OF COPYRIGHT REGIS-
TERED UNDER NUMBER

GP 121682

IN TESTIMONY WHEREOF,
THE SEAL OF THIS OFFICE IS
AFFIXED HERETO ON

October 19, 1998

**REGISTER OF COPYRIGHTS**
*United States of America*

**REGISTER OF COPYRIGHTS**

EXHIBIT 1

17

C-731 May 1995 — 5,000

**FORM G**

| CLASS | REGISTRATION NO. |
|---|---|
| **G** | **Gp 121682** |

DO NOT WRITE HERE

GF    GFO    GP    GU

# Application for Registration of a Claim to Copyright
## in a work of art or a model or design for a work of art

**Instructions:** Make sure that all applicable spaces have been completed before you submit the form. The application must be **SIGNED** at line 11. For published works the application should not be submitted until after the date of publication given in line 6(a), and should state the facts which existed on that date. For further information, see page 4.

Pages 1 and 2 should be typewritten or printed with pen and ink. Pages 3 and 4 should contain exactly the same information as pages 1 and 2, but may be carbon copies.

Mail all pages of the application to the Register of Copyrights, Library of Congress, Washington, D.C. 20540, together with:

(a) If unpublished, a photograph or other identifying reproduction of the work and the registration fee of $6.

(b) If published, two copies of the best edition of the work (or if appropriate, photographs—see line 4) and the registration fee of $6.

Make your remittance payable to the Register of Copyrights.

**1. Copyright Claimant(s) and Address(es):** Give the name(s) and address(es) of the copyright owner(s). For published works the name(s) should ordinarily be the same as in the notice of copyright on the copies. If initials are used in the notice, the name should be the same as appears elsewhere on the copies.

Name ........... MATTEL, INC. ...........

Address ........... 5150 Rosecrans Avenue, Hawthorne, California 90250, U.S.A. ...........

Name ...........

Address ...........

**2. Title:** SuperStar BARBIE (Toy No. 9720)
(Give the title of the work as it appears on the copies; a descriptive title may be used where the work is entirely pictorial or sculptural)

**3. Nature of Work:** Sculpture (head only)
(Characterize the general type of artistic work involved, as, for example, painting, drawing, sculpture, design, model, etc.)

**➤➤ NOTE:** Leave line 4 blank unless the work has been **PUBLISHED** and photographs deposited in lieu of copies. **◄◄**

**4. Optional Deposit:** (See information on page 4.)

Basis for claiming option (Check and fill in **ONE** of the following):

☐ Monetary value (retail value per copy) ........................... ☐ Weight (in pounds) ...........................

☐ Size (give dimensions) ........................... ☐ Fragility (give details) ...........................

**5. Author** (i.e., Artist): Citizenship and domicile information must be given. Where a work is made for hire, the employer is the author. The citizenship of organizations formed under

U.S. Federal or State law should be stated as U.S.A. If the copyright claim is based on new matter (see line 7) give information about the author of new matter.

Name ........... MATTEL, INC. ...........    Citizenship ........... U.S.A. ...........
(Give legal name followed by pseudonym if latter appears on the copies)    (Name of country)

Domiciled in U.S.A. Yes ... X ... No ...........    Address ........... same as above ...........

**➤➤ NOTE:** Leave all spaces of line 6 blank unless your work has been **PUBLISHED.** **◄◄**

**6. (a) Date of Publication:** Give the complete date when copies of this particular work were first placed on sale, sold, or publicly distributed. The date when copies were made or

printed should not be confused with the date of publication. NOTE: The full date (month, day, and year) must be given.

January ........... 6 ........... 1977*
(Month) ........... (Day) ........... (Year)

**(b) Place of Publication:** Give the complete name of the country in which this particular work was first published.

United States

**(c) Manufacture Outside United States by Lithographic or Photoengraving Process:** If the copies of this work were manufactured outside the United States by lithographic or photoengraving process, give the name of the country of manufacture.

**➤➤ NOTE:** Leave all spaces of line 7 blank unless the instructions below apply to your work. **◄◄**

**7. Previous Registration or Publication:** If a claim to copyright in any substantial part of this work was previously registered in the U.S. Copyright Office in unpublished form, or

if a substantial part of the work was previously published anywhere, give requested information.

Was work previously registered? Yes ...... No ...... Date of registration ... 11/20/70 ... Registration number ... Gp69600

Was work previously published? Yes ... X ... No ...... Date of publication ... 2/22/67 ... Registration number ... Gp69600

Is there any substantial **NEW MATTER** in this version? Yes ...... No ... X ... If your answer is "Yes," give a brief general statement of the nature of the **NEW MATTER** in this version. (New matter may consist of compilation, abridgment, editorial revision, and the like, as well as additional artistic or graphic material.)

new head (sculpture) on previously published torso

EXAMINER
HeM

*Complete all applicable spaces on next page*

18

EXHIBIT 1

Name **MATTEL, INC. - Patent Dept.**    Address **5150 Rosecrans Avenue, Hawthorne, Ca. 90250**

**10. Send certificate to:**

(Type or
print
name and
address)

| Name | MATTEL, INC. - Patent Dept. MS-107 |
|---|---|
| Address | 5150 Rosecrans Avenue |
| | (Number and street) |
| | Hawthorne        California        90250 |
| | (City)                (State)           (ZIP code) |

**11. Certification:**

(Application not
acceptable
unless signed)

I CERTIFY that the statements made by me in this application are correct to the best of my knowledge.

_____
(Signature of copyright claimant or duly authorized agent)

## Application Forms

Copies of the following forms will be supplied by the Copyright Office without charge upon request.

**Class A**  Form A—Published book manufactured in the United States of America.

**Class A or B**
- Form A–B Foreign—Book or periodical manufactured outside the United States of America (except works subject to the ad interim provisions of the copyright law).
- Form A–B Ad Interim—Book or periodical in the English language manufactured and first published outside the United States of America.

**Class B**
- Form B—Periodical manufactured in the United States of America.
- Form BB—Contribution to a periodical manufactured in the United States of America.

**Class C**  Form C—Lecture or similar production prepared for oral delivery.

**Class D**  Form D—Dramatic or dramatico-musical composition.

**Class E**
- Form E—Musical composition the author of which is a citizen or domiciliary of the United States of America or which was first published in the United States of America.
- Form E Foreign—Musical composition the author of which is not a citizen or domiciliary of the United States of America and which was not first published in the United States of America.

**Class F**  Form F—Map.

**Class G**  Form G—Work of art or a model or design for a work of art.

**Class H**  Form H—Reproduction of a work of art.

**Class I**  Form I—Drawing or plastic work of a scientific or technical character.

**Class J**  Form J—Photograph.

**Class K**
- Form K—Print or pictorial illustration.
- Form KK—Print or label used for an article of merchandise.

**Class L or M**  Form L–M—Motion picture.

Form R—Renewal copyright.

Form U—Notice of use of copyrighted music on mechanical instruments.

| FOR COPYRIGHT OFFICE USE ONLY | | |
|---|---|---|
| **Application received**  DEC. 0 5, 1977 | **Two copies received**  0 5 DEC 1977 | **Photographs or reproductions received** |
| **One copy or reproduction received** | * In notice *1976* (cert) | |
| **Fee received**  50030 DEC 5 77 | | |
| **Renewal** | | |

U.S. GOVERNMENT PRINTING OFFICE : 1970 O—389-890

*Page 2*

EXHIBIT 1

# United States Patent Office

**689,055**
Registered Dec. 1, 1959

AFFIDAVIT SEC. 8
ACCEPTED

## PRINCIPAL REGISTER
### Trademark

AFFIDAVIT SEC. 15
RECEIVED 4-22-63

*Ser. No. 55,200, filed July 2, 1958*

# BARBIE

Mattel, Incorporated (California corporation)
5432 W. 102nd St.
Los Angeles 45, Calif.

For: DOLL, in CLASS 22.
First use May 9, 1958; in commerce May 9, 1958.

EXHIBIT 2

CRITICAL INFORMATION

SER NO 72/055200    REG NO 0689055    FIL DT 07/02/1958    REG DT 12/01/1959
EXAMINING ATTORNEY    LAW OFFICE    CHLD    LOCC 900 LOC DT 04/14/1995
00000    CHEM    STAT 624 STA DT 09/02/1980
MARK BARBIE    CLASS CT 01
INT CL 028    DRAW 1    REGISTER PRINCIPAL
US CL 022    AMDED TO 00/00/0000
GOODS/    (022) - DOLL    MK TYPE    TM
SERVICES    ABAN DT 00/00/0000
    CAN DT 00/00/0000
OWNER    MATTEL INC.    PUB DT 00/00/0000
    ASGN REC
OWNER    HAWTHORNE CALIF.    TTAB PROCEEDING- NO
ADDRESS    SEC 8  YES
    PROSECUTION HISTORY    SEC 15 YES
001 12/01/79 FIRST RENEWAL    REPUB 12C  NO
    1ST USE
    05/09/1958-022
    1ST USE COM
    05/09/1958-022


LOCATION-STATUS INFORMATION

SER NO 72/055200    REG NO 0689055    FIL DT 07/02/1958    REG DT 12/01/1959
EXAMINING ATTORNEY    LAW OFFICE    CHLD    LOCC 900 LOC DT 04/14/1995
00000    CHEM    STAT 624 STA DT 09/08/1980
MARK BARBIE    CLASS CT 01
    ASSIGNMENT REC
LOC    WAREHOUSE (NEWINGTON)
CH TO LOC
CH TO EMP
STATUS    REGISTERED - BACKFILE

FIL EXMNR.    ALLOWANCE NOTICE DATE 00/00/0000
PUBLICATION DATE 00/00/0000    ABANDONMENT DATE 00/00/0000
    TTAB PROCEEDINGS

EXHIBIT 2

21

# United States Patent Office

768,397

Registered Apr. 21, 1964

AFFIDAVIT SEC. 8
ACCEPTED

## PRINCIPAL REGISTER
### Trademark

AFFIDAVIT SEC. 15
RECEIVED 1 - 19 - 70

Ser. No. 166,825, filed Apr. 16, 1963

## BARBIE

Mattel, Inc. (California corporation)
5150 Rosecrans Ave.
Hawthorne, Calif.

For: DOLL CLOTHES AND DOLL ACCESSORIES, in CLASS 22.
First use on or about Apr. 17, 1959; in commerce on or about Apr. 17, 1959.
Owner of Reg. Nos. 689,055, 728,811, and 741,208.

EXHIBIT 3

22

GENERAL INFORMATION

SER NO 72/166825   REG NO 0768397   FIL DT 04/16/1963      REG DT 04/21/1964
EXAMINING ATTORNEY      LAW OFFICE      CHLD         LOCC 900 LOC DT 05/17/1991
00000                                   CHFM         STAC 700 STA DT 06/19/1984
MARK BARRIE                                                 CLASS CT 01
INT CL  028                                      DRAW 1     REGISTER PRINCIPAL
US  CL  022                                                 AMEND TO 00/00/0000
GOODS/   /0028   Balls (Golf Ball) and Golf Accessories     MK TYPE  TM
SERVICES  *                                                 ABAN DT 00/00/0000
                                                            CAN DT 00/00/0000
OWNER      Mattell, Inc.                                     PUB DT 00/00/0000
                                                                 ASGN REC
OWNER      Hawthorne                                        TTAB PROCEEDING- NO
ADDRESS    CALIFORNIA                                       SEC 8  YES
           PROSECUTION HISTORY                              SEC 15 YES
001 04/21/84 FIRST RENEWAL                                  REPUB 12C  NO
                                                            1ST USE
                                                            04/17/1959-022
                                                            1ST USE COM
                                                            04/17/1959-022


LOCATION-STATUS INFORMATION

SER NO 72/166825   REG NO 0768397   FIL DT 04/16/1963      REG DT 04/21/1964
EXAMINING ATTORNEY      LAW OFFICE      CHLD         LOCC 900 LOC DT 05/17/1991
00000                                   CHFM         STAC 700 STA DT 06/19/1984
MARK BARRIE                                                 CLASS CT 01
                        ASSIGNMENT REC
LOC        WAREHOUSE (NEWINGTON)
CH TO LOC
CH TO EMP
STATUS     REGISTERED

ITU EXMNR.                              ALLOWANCE NOTICE DATE 00/00/0000
PUBLICATION DATE 00/00/0000                 ABANDONMENT DATE 00/00/0000
               TTAB PROCEEDINGS

EXHIBIT 3

**23**



17/150

EXHIBIT 4



EXHIBIT 5



12/4/50

EXHIBIT 6



# Tom Forsythe's Artsurdism



## View Images
## Artist Statement
## Biography
## Contact me

Site Created by:



EXHIBIT 7

# Page 1
## Pricing Information



Next Page | **Home** | Artist Statement | Biography | Contact

EXHIBIT 7

# Page 2
## Pricing Information



"Happy Hour"

"Milk Maids"

"Barbies on the Half Shell"

"Sunbeams"

"You Can't Beat a GE"

"Missionary Barbie"

"Nature Barbie"

"Cactus Barbie"

"Fondue a la Barbie"

"Stir Fry Barbie"

Next Page | Previous Page | **Home** | Artist Statement | Biography | Contact

EXHIBIT 7

## Pricing Information



"Five Moon Salute"    "Petard"

"Personal 8"    "Separation Anxiety"

"Sizzling Links"    "Barbie Corn"

"Cutting Board Barbie"    "Barbie Enchiladas"

"Heatwave"    "Barbie Jones"

EXHIBIT 7

"Romertopf Barbie"

Next Page | Previous Page | **Home** | Artist Statement | Biography | Contact

*31*

EXHIBIT 7

Page 4

Editions of 460

They come matted and cost $50



| | |
|---|---|
| "Triple Barbie Smoothie" | "Mixer Fun" |
| "Fondue for Three" | "Last Call" |
| "Sunbeam Smiles" | "Mellow Yellow" |
| "Skillet Barbie" | "Margarita Barbie" |
| "Land of Milk and Barbie II" | "Bad Pan Barbie II" |

Previous Page | Home | Artist Statement | Biography | Contact

*33*

EXHIBIT 7

- Archival Images
  11" x 14"
- Supergloss prints
  in editions of 20.
- Framed in a
  finished size of
  16" x 20" is $400.
- Flat price is $350

Supergloss has excellent image stability, using highly saturated color dyes on a white polyester base. This provides increased visual sharpness and definition as well as improved color separation and print image stability. These ultra high quality prints have three dimensional realism and brilliant colors for a truly striking appearance. Framed prints are hinge mounted with acid free tape on acid free foam core and matted with white museum board for the highest archival presentation. Frames are matte black Neilsen metal.

Page 1 | Page 2 | Page 3 | Page 4 | **Home** | Artist Statement | Biography | Contact

34

EXHIBIT 7