

```
                                        FILED
                              CLERK, U S DISTRICT COURT

                                    AUG 22 2001
                                        2001
                              CENTRAL DISTRICT OF CALIFORNIA
                              BY                      DEPUTY
```

Priority ___
Send ___
Enter ✓
Closed ✓
JS-5/JS-6 ___
JS-2/JS-3 ___
Scan Only ___

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MATTEL, INC., a Delaware corporation, | CV 99-8543 RSWL |
| Plaintiff, | ORDER RE: MOTIONS HEARD AUGUST 13, 2001 |
| v. | |
| WALKING MOUNTAIN PRODUCTIONS et al., | |
| Defendants. | |

Before the Court are (1) Defendant's Motion to Exclude Private, Unpublished Works and All References Thereto in Connection With Summary Judgment Motion, and if Necessary, Trial, (2) Defendant's Motion to Exclude Expert Report and Testimony of Gregory Boles, or in the Alternative, for <u>Daubert</u> Hearing, (3) Defendant's Motion to Exclude Expert Reports and Testimony of Cory Schwartz and Alternative Request for <u>Daubert</u> Hearing, (4) Defendant's Motion to Exclude Testimony and Reports of Jeffrey Kinrich, Portions of Expert Report

1

and Testimony of Matthew Lynde, and Alternative Request for <u>Daubert</u> Hearing, (5) Defendant's Motion for Summary Judgment and Alternative Motion for Partial Summary Judgment on Damages Claims, (6) Defendant's Motion to Strike Jury Demand as to All Trademark, Trade Dress, Dilution, and State Law Claims, and (7) Plaintiff's Motion for Summary Judgment of Defendant's 4th, 8th, 10th, 18th and 19th Affirmative Defenses. The Motions came on regularly for hearing before the Court on August 13, 2001, District Judge Ronald S.W. Lew presiding. Having considered all admissible evidence submitted in favor of and in opposition to the Motions, and the oral argument of counsel, the Court rules as follows:

(1) Defendant's Motion to Exclude Private, Unpublished Works and All References Thereto in Connection With Summary Judgment Motion, and if Necessary, Trial is **GRANTED IN PART** and **DENIED IN PART**. The Court finds that the unpublished photographs are both relevant and admissible. The videotape, however, is not relevant to any material fact in this case, and is therefore excluded.

(2) Defendant's Motion to Exclude Expert Report and Testimony of Gregory Boles, or in the Alternative, for <u>Daubert</u> Hearing is **GRANTED**. Boles' testimony and expert report are not relevant to any material fact in this case.

(3) Defendant's Motion to Exclude Expert Reports and Testimony of Cory Schwartz and Alternative Request for <u>Daubert</u> Hearing is **DENIED**. Both pieces of evidence are admissible.

(4) Defendant's Motion to Exclude Testimony and Reports of

2

Jeffrey Kinrich, Portions of Expert Report and Testimony of Matthew Lynde, and Alternative Request for <u>Daubert</u> Hearing is **DENIED**. The Court finds that Kinrich possesses sufficient qualifications to render an expert opinion on economic impact, and that his opinion and report are the product of reliable principles and methods. The Court also finds that Lynde is a proper rebuttal expert witness.

(5) Defendant's Motion for Summary Judgment and Alternative Motion for Partial Summary Judgment on Damages Claims is **GRANTED**. Defendant is entitled to summary judgment on Plaintiff's copyright infringement claim because his photographs are a "fair use" pursuant to 17 U.S.C. § 107. Fair use is a mixed question of law and fact. Having resolved all issues of material fact in favor of Plaintiff, the Court finds that the trier of fact could only reach the conclusion that Defendant's use of the copyrighted works at issue is a fair use.

First, Defendant's use of the copyrighted works is a parody, meant in part to comment or criticize Barbie. A parodic character may reasonably be perceived from Defendant's photographs. Second, although Defendant copied the entire copyrighted works, he only copied that which was necessary to make his comment or criticism of Barbie in light of his chosen medium, photography. Finally, with respect to the effect of Defendant's use on the market for the copyrighted works, the Court finds that Defendant's photographs do not fill the demand for Plaintiff's products or those of its licensees.

With respect to Plaintiff's trademark and trade dress infringement claims, the Court finds that there is no likelihood of confusion as a matter of law. The important First Amendment rights at stake outweigh Plaintiff's relatively weak showing of likelihood of confusion. A reasonable jury could not find a likelihood of confusion under the facts of this case. The Court also finds that there is no evidence of "initial interest confusion." Defendant's use of the Barbie mark on his web site and in the metatags is merely descriptive of his products. Accordingly, Defendant is entitled to summary judgment in his favor on Plaintiff's claims for trademark and trade dress infringement.

With respect to Plaintiff's dilution claims, the Court finds that Defendant's use of the Barbie mark and trade dress is parody, therefore, his expression is a non-commercial use. Accordingly, Defendant is entitled to summary judgment on Plaintiff's dilution claims. In light of the foregoing, Plaintiff's claims for unfair competition, misappropriation, and restitution fail as a matter of law.

(6) Defendant's Motion to Strike Jury Demand as to All Trademark, Trade Dress, Dilution, and State Law Claims is **DENIED** as moot.

//

//

4

(7) Plaintiff's Motion for Summary Judgment of Defendant's 4th, 8th, 10th, 18th and 19th Affirmative Defenses is **DENIED** as moot.

**IT IS SO ORDERED.**

*RONALD S. W. LEW*

_____
**RONALD S.W. LEW**
United States District Judge

DATED: August 20, 2001

No. CV-99-08543-RSWL     [<u>Mattel, Inc. v. Walking Mountain Productions, et al.</u>: Motion for Summary Judgment]

(orders\Mattel_SJMOrder.wpd\t)

5